UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEBORAH LAUFER, individually, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:19-CV-05694-JPB |
| RENA GA LLC, a Georgia corporation, | |
| Defendant. | |

## **ORDER**

This matter is before the Court on Plaintiff's Amended Motion for
Attorney's Fees, Costs, Expert Fees and Litigation Expenses [Doc. 26]. After due
consideration, this Court finds as follows:

## **PROCEDURAL HISTORY**

On December 19, 2019, Plaintiff filed a Complaint against Defendant for
violations of the Americans with Disabilities Act ("ADA") and its implementing
regulations. [Doc. 1, p. 8]. On February 26, 2020, the Clerk entered default
against Defendant for failing to appear. Plaintiff thereafter moved the Court for
default judgment. [Doc. 6, p. 1]. On January 25, 2021, this Court found that
Plaintiff successfully stated a Title III ADA claim and granted default judgment.
[Doc. 22, p. 6]. Plaintiff now moves the Court for attorney's fees and judgment
after default. [Doc. 26, p. 21].

**BACKGROUND**

Plaintiff is an advocate for disability rights and a "tester" for purposes of asserting her civil rights and ensuring that places of public accommodation, and their websites, comply with the ADA.  [Doc. 10, p. 2].  Defendant owns the Sleep Inn Airport ("the Hotel"), a hotel located in College Park, Georgia.  Id. at 2–3.

Plaintiff visited various websites associated with the Hotel for purposes of reviewing and assessing the Hotel's accessible features, whether the website complied with 28 C.F.R. § 36.302(e)(1) and whether the Hotel met her accessibility needs.  Id. at 5.  Plaintiff visited these websites on the following dates: (1) December 12, 2019; (2) December 13, 2019; (3) December 14, 2019; and (4) February 20, 2020.  Id.  On these dates, the Hotel's websites did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessibility at the Hotel.  Id. at 5–7.  As such, Plaintiff was unable to ascertain whether the Hotel met her accessibility needs.  Id. at 5.

**DISCUSSION**

Plaintiff asserts that she was obligated to retain counsel, Tristan Gillespie, for the filing and prosecution of this action and has agreed to pay reasonable attorney's fees, including costs and litigation expenses, and that she is entitled to recover those attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205.  [Doc. 26, p. 2].

To recover attorney's fees under § 12205, a plaintiff must be a prevailing party.  Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Hum. Res., 532 U.S. 598, 604 (2001).  In order to be a "prevailing party," a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned.  Am. Disability Ass'n. Inc. v. Chimielarz, 289 F.3d 1315, 1321 (11th Cir. 2002).  Here, Plaintiff is the prevailing party pursuant to this Court's Default Judgment [Doc. 22].

**A. Calculating Attorney's Fees**

In a civil rights case, the amount of an award of attorney's fees is determined using the "lodestar" method:  the value of a lawyer's service is calculated by determining a reasonable hourly rate for the provision of legal services and multiplying that rate by hours reasonably expended.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable, comparable skills, experience and reputation.  Id.

As itemized in the invoice submitted with this Motion, Plaintiff asserts she has incurred a sum of $7,232.50 in fees and expenses.  [Doc. 26-5].  This is based on the following:  (1) 12.7 hours expended by counsel, multiplied by an hourly rate of $425.00 for a total of $5,397.50;  (2)  filing fees in the amount of $400.00;  (3)  fees for an expert in the amount of $650.00; (4) a reinspection fee of

$650.00; and (5) process server fees in the amount of $135.00.  Id.

Factors to be considered when setting a fee include:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley, 461 U.S. at 430 n.3.  The Court discusses these factors below.

i.   The Amount Involved and the Results Obtained

The Supreme Court has held that the most critical factor in determining the reasonableness of a fee award is the degree of success obtained.  Id. at 436; Farrar v. Hobby, 506 U.S. 103, 114 (1992).  Plaintiff contends that the benefit of the litigation to the public as a whole is a crucial factor when determining fees.  Public policy may support an award of attorney's fees in civil rights cases when the plaintiff has sued to vindicate a public right at a cost high in comparison to the actual damages suffered.  Indeed, the Eleventh Circuit Court of Appeals has stated that "successful civil rights actions vindicate a public interest . . . [and] [p]ublic benefit is a distinct measure of success in civil rights actions and . . . a court must account for that distinct measure of success when calculating an award of fees and costs."  Villano v. Boynton Beach, 254 F.3d 1302, 1306 (11th Cir. 2001).  As such,

in assessing attorney's fees under the ADA, this Court considers the benefits to the public as a whole obtained as a result of the civil rights action.  The Court therefore gives weight to the public interests that were vindicated for Plaintiff and disabled persons as a result of this litigation—Defendant is required to make its hotel website fully compliant with ADA regulations, which will assist not only Plaintiff but all disabled persons.  This Court finds that Plaintiff obtained beneficial results that increase the accessibility of Defendant's facility to wheelchair-bound disabled individuals and considers such results in determining the reasonableness of counsel's fees.[1]

    ii.   <u>The Time and Labor Required</u>

Any and all time incurred by Plaintiff's counsel in filing, preparing and litigating this fee application and any fee hearings thereon is compensable.  <u>See Martin v. Univ. of S. Ala.</u>, 911 F.2d 604, 610 (11th Cir. 1990).  Counsel asserts that considerable time and effort were required to obtain the resolution of this case.  [Doc. 26, p. 11].  As set forth in his time sheets and docket entries, counsel:  (1) researched and investigated Defendant's website; (2) drafted and filed a complaint requesting that Defendant timely remove barriers to access at its premises so that Plaintiff and other wheelchair-bound disabled persons could avail themselves of

---

[1] This is a suit for injunctive relief and no monetary damages are sought.  Therefore, the "amount involved" is inapplicable as a factor in this action.

the same goods and services enjoyed by the general public; and (3) drafted and filed summons, affidavits and motions for default and attorney's fees.  [Doc. 26-3, p. 1].  This Court finds that Plaintiff's attorney spent a fair amount of time on this matter and considers such time in determining the reasonableness of counsel's fees.

      iii.   <u>The Novelty and Difficulty of the Questions Presented and Skills Requisite to Perform the Legal Service Properly</u>

Counsel regularly represents disabled plaintiffs seeking the removal of ADA violations in actions against places of public accommodations.  [Doc. 26, p. 12]. Thus, counsel has developed forms and procedures aimed at reducing the number of hours incurred at the inception of the case.  <u>Id.</u>  For example, a complaint that would normally require twenty to fifty hours to draft only requires two to four hours for this attorney.  <u>Id.</u>  The Court, however, does not construe such efficiency as an indication that ADA cases do not present novel and difficult questions. Counsel asserts that ADA actions present numerous issues regarding entitlement to injunctive relief, standing, barriers to access, undue burden, exemptions, new construction and alterations versus pre-ADA construction and extensive knowledge of relevant ADA accessibility guidelines and regulations pertaining to hotel online reservations systems.  As such, the Court finds that this ADA matter presented complex issues that required specific skills, and the Court considers this in determining the reasonableness of counsel's fees.

iv.   The Preclusion of Other Employment Due to Acceptance of the Case
and the Undesirability of the Case

It has been recognized that plaintiffs and attorneys in cases such as this are

the subjects of "vitriolic hostility."  Mallory v. Harkness, 923 F. Supp. 1546, 1555

(S.D. Fla. 1996).

> Civil rights attorneys face hardships in their communities because of
> their desire to help the civil rights litigant . . . .  Oftentimes his
> decision to help eradicate discrimination is not pleasantly received by
> the community or his contemporaries.  This can have an economic
> impact on his practice which can be considered by the Court.

Johnson v. Ga. Highway Exp., Inc., 488 F.2d 714, 719 (5th Cir. 1974).  Because of

the negative publicity and attitude that many have toward Title III ADA actions,

the Court finds that counsel is predictably precluded from other employment based

on acceptance of this case.  Additionally, counsel expended time in the prosecution

of this action that could have been spent on other matters.  The Court considers this

information in determining the reasonableness of counsel's fees.

v.   The Customary Fee and Fees Awarded in Similar Cases

Counsel in this case has been an attorney since 2006 and is a member in

good standing of the bars of Georgia, New York, New Jersey, Washington D.C.

and Maryland.  [Doc. 26-9].

This Court has previously awarded counsel a rate of $425.00 per hour in

similar cases.  Kennedy v. Avadhoot, LLC, 4:19-cv-00211-WMR-WEJ, Doc. 11

(N.D. Ga. Jan. 1, 2020).  Other district courts in the Eleventh Circuit have awarded

rates between $400.00 and $430.00 per hour for attorneys in similar actions.  See

Kennedy v. Rushi Hospitality LLC, 18-cv-62259-WPD, Doc. 26 (S.D. Fla. Feb. 6,

2019); Kennedy v. Yaish & Tish, Ltd., LLC, 19-cv-61992 Doc. 18 (S.D. Fla. Nov.

22, 2019); Kennedy v. Vasanjibhai, LLC, 0:19-cv-61395-RAR, Doc. 20 (S.D. Fla.

Sept. 29, 2019); Kennedy v. Londamerican Real Estate Ltd., 19-cv-61228-

SMITH/VALLE, Doc. 18 (S.D. Fla. Aug. 21, 2019); Kennedy v. Dockside View,

LLC, 2:18-cv-14444-KAM, Doc. 8 (S.D. Fla. Jan. 1, 2019); Kennedy v. Pacifica

Tampa Ltd Partnership, 5:17-cv-442-JSM-PRL, Doc. 9 (M.D. Fla. Mar. 2, 2018).

Considering the above, this Court finds that rates between $400.00 and

$430.00 per hour are customary in similar actions and considers this in determining

the reasonableness of counsel's fees.

vi.   Whether the Fee is Fixed or Contingent

The fee in the instant action is contingent.  [Doc. 26, p. 15].  Counsel asserts

that he has incurred significant expenses with no guarantee that he will receive any

compensation.  Id.  This Court finds that such circumstances warrant a rate on the

high end of customary rates and considers this information in determining the

reasonableness of counsel's fees.

vii.   The Time Limitations Imposed by the Client or Circumstances

Counsel asserts that because the barriers to access complained of by Plaintiff

restricted and/or limited Plaintiff's access to Defendant's property, time was of the

essence.  Id.  The Court agrees that each day that passed without resolution of this case was another day that the subject property would remain inaccessible and considers these time constraints in determining the reasonableness of counsel's fees.

 viii. Counsel's Experience, Reputation and Ability

 The Court discussed counsel's qualifications and experience above.  See supra Sections I.C, I.E.

 ix. The Nature and Length of the Professional Relationship with the Client

 Counsel has represented plaintiffs in several other actions and has a continuing relationship with his clients.  [Doc. 26, p. 15].  Counsel asserts that such relationships have led to increased efficiency in the prosecution of this litigation. Id.  The Court agrees and considers this information in determining the reasonableness of counsel's fees.

 After considering (1) the amount involved and the results obtained; (2) the time and labor required; (3) the novelty and difficulty of the issues; (4) the skill required to perform the legal services properly; (5) the preclusion of other employment; (6) the customary fee; (7) whether the fee is fixed or contingent; (8) the time limitations imposed by the client or circumstances; (9) counsel's experience, reputation and ability; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards

in similar cases, this Court finds that counsel's hourly rate of $425.00 is a reasonable hourly rate for the provision of legal services in this case and counsel's expenditure of 12.7 hours on this matter was also reasonable.

**B. Cost and Litigation Expenses**

As noted previously, Plaintiff attached a Bill of Costs and Expenses to the Motion, in which she asserts that she has incurred a sum of $7,232.50 in fees and expenses. [Doc. 26-5]. The total is based on the following: (1) 12.7 hours expended by counsel, multiplied by an hourly rate of $425.00 for a total of $5,397.50; (2) filing fees in the amount of $400.00; (3) fees for an expert in the amount of $650.00; (4) a reinspection fee of $650.00; and (5) process server fees in the amount of $135.00. Id. Above, the Court determined that counsel's expenditure of 12.7 hours at an hourly rate of $425.00 is reasonable for purposes of calculating Plaintiff's award of attorney's fees. The Court now reviews the filing fees, process server fees, expert fees and reinspection fee to determine if such fees should be included in the calculation of Plaintiff's award.

i.   Filing and Process Server Fees

A prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. These costs are defined by 28 U.S.C. § 1920, which provides for recovery of: (1) fees of the Clerk and process server; (2) court reporter fees "for all or any part of the stenographic transcript obtained for use in

the case"; (3) fees for printing and witnesses; (4) fees "for exemplification and copies of papers necessarily obtained for use in the case"; and (5) docket fees. Additionally, in civil rights actions, a prevailing party may recover expenses not normally available under § 1920. See Dowdell v. City of Apopka, 698 F.2d 1181, 1189–92 (11th Cir. 1983). Such additional expenses cover "with the exception of routine overhead, normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of the settlement of the case." Id. at 1192. The Eleventh Circuit has stated that

> [r]easonable attorney's fees under the (Attorney's Fee Awards) Act must include reasonable expenses because attorney's fees and expenses are inseparably intertwined as equally vital components of the cost of litigation. The factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out-of-pocket expenses which may be essential to success as the intellectual skills of the attorneys. If these costs are not taxable, and the client, as is often the case, cannot afford to pay for them, they must be borne by counsel, reducing the fees award accordingly.

Id.

Counsel fully itemized these expenses in the Bill of Costs and Expense. [Doc. 26-5, p. 1]. After review and consideration, this Court finds counsel's filing fees in the amount of $400.00 and process server fees in the amount of $135.00 reasonable. Accordingly, an award of reasonable attorney's fees in this matter should include such fees.

ii.   Expert Fees

The ADA expressly states that the prevailing party may receive "reasonable attorney's fees, including litigation expenses and costs."  42 U.S.C. § 12205.  Such fees include expert witness fees.  See Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002) ("[B]ecause the term 'litigation expenses' normally encompasses expert witness fees, we hold that the statutory provision provides direct authority for the award of expert witness fees."); Robins v. Scholastic Book Fairs, 928 F. Supp 1027, 1036 (D. Or. 1996) (finding litigation expenses include the cost of expert witnesses).   After review and consideration, this Court finds counsel's expert fees in the amount of $650.00 reasonable.  Accordingly, an award of reasonable attorney's fees in this matter should include such fees.

iii.   Costs of Reinspection and Monitoring of Compliance

Various circuit courts have held that services required in post-judgment monitoring to ensure continuing compliance with a consent decree in civil rights cases are compensable.  See Keith v. Volpe, 833 F.2d 850, 855–56 (9th Cir. 1987); Johnson v. City of Tulsa, 489 F.3d 1089, 1106 (10th Cir. 2007); Northcross v. Bd. of Educ., 611 F.2d 624, 637 (6th Cir. 1980); Garrity v. Sununu, 752 F.2d 727, 738–39 (1st Cir. 1984); Jenkins v. State of Mo., 127 F.3d 709, 716–20 (8th Cir. 1997).  At least one Circuit has awarded compensation for such services prospectively.  See Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator & Standard

Sanitary Corp., 540 F.2d 102, 121 (3d Cir. 1976).

Here, counsel requests a $650.00 reinspection fee for the reinspection contemplated after Defendant completes the repairs to its website. [Doc. 26, p. 18]. Counsel anticipates such inspection to confirm that Defendant has corrected the ADA violations. Id. After review and consideration, this Court finds counsel's reinspection fee in the amount of $650.00 reasonable. Accordingly, an award of reasonable attorney's fees in this matter should include such fee.

## CONCLUSION

Plaintiff's counsel certified that he fully reviewed the time records and supporting data and that the Motion is well grounded in fact and is justified. [Doc. 26, p. 20]. Plaintiff's attorney's fees, costs and litigation expenses amount to $7,232.50. For the foregoing reasons, this Court **HEREBY GRANTS** Plaintiff's Amended Motion for Attorney's Fees, Costs, Expert Fees and Litigation Expenses [Doc. 26] and awards attorney's fees in the amount of $7,232.50. Plaintiff's first Motion for Attorney's Fees [Doc. 24] is therefore **DENIED** as moot.

**FURTHERMORE**, this Court **HEREBY GRANTS** Judgment after Default against Defendant. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 21st day of April, 2021.

_____
**J. P. BOULEE**
United States District Judge